**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHAWN N. W. KERSEN,

        *Plaintiff,*

*v.*

BRANDON HULL, et al.,

        *Defendants.*

_____/

Case No. 4:25-cv-13804

F. Kay Behm
United States District Judge

Patricia T. Morris
United States Magistrate Judge

**ORDER DENYING PLAINTIFF'S MOTION**
**REQUESTING ASSISTANCE OF COUNSEL (ECF No. 11)**

Plaintiff, a prisoner in the custody of the Michigan Department of Corrections,

filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  He now moves

for the appointment of counsel.  (ECF No. 11).  For the reasons explained below,

this motion will be **DENIED WITHOUT PREJUDICE**.

Although federal district courts have discretion under 28 U.S.C. § 1915(e)(1)

to "request an attorney to represent any person unable to afford counsel," there is no

constitutional right to court-appointed counsel in a civil case.  *Lanier v. Bryant*, 332

F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d

489, 492 (6th Cir. 1995).  The decision rests in a district court's sound discretion and

will be overturned only if it impinges fundamental due process rights and amounts

1

to an abuse of discretion.  *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992); *see also Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011).

The appointment of counsel is only justified by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993).  In determining whether exceptional circumstances are present, a court must consider the "nature of the case," the complexity of the factual and legal issues involved, and the plaintiff's ability to represent himself.  *Id.* at 606; *see also Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013); *Garrison v. Michigan Dep't of Corr.*, 333 F. App'x 914, 917–18 (6th Cir. 2009).  The complexity of the case and the plaintiff's ability to handle it are "separate and distinct considerations."  *Kensu v. Rapelje*, No. 12-11877, 2014 WL 585328, at *2 (E.D. Mich. Feb. 14, 2014).  For example, the plaintiff's prior *pro se* experience is relevant to his ability to manage his current case.  *Id.*

If the claims are frivolous or have "extremely slim" chances of success, the court should not appoint counsel.  *Richmond*, 450 F. App'x at 452.  Courts may also decline to appoint counsel where a case has not progressed far enough to assess its merits.  *See, e.g., Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (upholding denial where the magistrate judge thought "it was too early to assess the merits of the claim").  Nonetheless, a plaintiff "is not entitled to the appointment of counsel merely because his case may proceed to trial."  *Gresham v. Granholm*, No. 2:09-cv-231, 2012 WL 3126781, at *5 (W.D. Mich. July 31, 2012) (citing *Lince v.*

*Youngert*, 136 F. App'x 779, 782–83 (6th Cir. 2005)); *see also Zibbell v. Marquette Cnty. Res. Mgmt.*, No. 2:12-cv-302, 2013 WL 625062, at *13 (W.D. Mich. Feb. 20, 2013) (noting that the procedural posture of case is a consideration).

This case is still in the earliest stages of litigation and Plaintiff's complaint demonstrates that he is capable of presenting his claims and arguments in writing. Likewise, Plaintiff ably conveyed his requests to the Court in both this and another recent motion. Moreover, the Court does not find the factual or legal issues involved particularly complex nor does it find that Plaintiff has articulated an exceptional circumstance justifying the appointment of counsel at this time.

Accordingly, Plaintiff's Motion Requesting Assistance of Counsel (ECF No. 11) is **DENIED WITHOUT PREJUDICE**. Plaintiff may file a new motion for the appointment of counsel should an exceptional circumstance arise or if any claims survive early motion practice.

**IT IS SO ORDERED.**

Date: April 23, 2026                    S/PATRICIA T. MORRIS
                                        Patricia T. Morris
                                        United States Magistrate Judge