**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHAWN N. W. KERSEN,

       *Plaintiff,*

v.

BRANDON HULL, et al.,

       *Defendants.*

_____/

Case No. 4:25-cv-13804

F. Kay Behm
United States District Judge

Patricia T. Morris
United States Magistrate Judge

### ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO ADD DEFENDANT TO COMPLAINT (ECF No. 12)

Plaintiff, a prisoner in the custody of the Michigan Department of Corrections, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion to Add Defendant to Complaint, wherein Plaintiff seeks to add Corrections Officer Turner as a defendant. (ECF No. 12). For the following reasons, this motion will be **DENIED AS MOOT** and Plaintiff will be given an opportunity to file a comprehensive amended complaint.

Federal Rule of Civil Procedure 15(a)(1)(B) allows a plaintiff to file an amended complaint as of right within 21 days after a defendant serves a responsive pleading. As Defendants in this case have not yet appeared nor filed responsive pleadings, Plaintiff may amend his complaint once as a matter of course. Therefore,

1

the Court need not grant leave to amend, and Plaintiff's motion is hereby **DENIED AS MOOT**.

Notwithstanding Plaintiff's right to amend, review of the filing reveals that it consists primarily of argument and supplemental factual assertions and does not include a complete, standalone amended complaint setting forth all claims Plaintiff seeks to pursue. Because the filing does not include a proposed amended complaint, Plaintiff has not complied with Eastern District of Michigan Local Rule 15.1. If Plaintiff still wishes to amend his complaint, he must file a comprehensive amended complaint before the expiration of the deadline set forth in Federal Rule 15(a)(1)(B).

Plaintiff should be mindful that any amended complaint must be complete in itself and may not incorporate prior pleadings by reference. The following general requirements also apply:

**First**, Plaintiff's amended complaint must have a caption, stating the Court's name (**United States District Court, Eastern District of Michigan, Southern Division**), the document title (**Amended Complaint**), and the case number (**4:25-cv-13804**). *See Robinson v. Fifth Third Bank*, No. 1:21-CV-279, 2021 WL 5606972, at *2 (W.D. Mich. May 5, 2021) (citing Fed. R. Civ. P. 10(a)).

**Second**, the amended complaint must set out **claims for relief**.

A pleading that states a claim for relief must contain: (1) **a short and plain statement** of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) **a short and plain statement** of the claim showing that the

pleader is entitled to relief; and (3) **a demand for the relief sought**, which may include relief in the alternative or different types of relief.

*Id.* (quoting Fed. R. Civ. P. 8(a)) (emphasis added in *Robinson*).

**Third**, Plaintiff must set forth the facts supporting his claims for relief in **numbered paragraphs** with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

**Fourth**, Plaintiff must identify the legal or statutory authority for each claim.

For these reasons, Plaintiff's Motion to Add Defendant to Complaint (ECF No. 12) is **DENIED AS MOOT**. If Plaintiff still wants to amend his complaint, he must file a comprehensive amended complaint, in keeping with the above requirements, before the expiration of the deadline set forth in Federal Rule 15(a)(1)(B).

**IT IS SO ORDERED.**

Date: April 23, 2026            S/ PATRICIA T. MORRIS
                                                  Patricia T. Morris
                                                  United States Magistrate Judge